Francisco AILON–ESCALANTE;
Susana Ailon–Escalante,
Petitioners,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–72021.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 17, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Barbara C. Biddle, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Francisco and Susana Ailon–Escalante, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' decision summarily affirming the immigration judge's ("IJ") denial of their applications for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000), and we deny their petition.

Petitioners contend that the IJ erred in finding them ineligible for asylum. Substantial evidence supports the IJ's decision that the petitioners failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See id.* at 1151; *INS v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.